# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3775 | **DATE** | 6/7/2011 |
| **CASE TITLE** | Epifanio Perez (# ) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted until 7/6/11, to either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. Plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of Plaintiff to comply with this order on or before 7/6/11, will result in summary dismissal of this case. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 but has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the Court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this Court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from December 3, 2010, through June 3, 2011].

Plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). First, Plaintiff names the State of Illinois as a
**(CONTINUED)**

AWL

Defendant. In *Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984), the Supreme Court held that an unconsenting state cannot be sued in federal court. The Court further held that it makes no difference whether Plaintiff seeks damages or injunctive relief. *Id*. at 102. While there is an exception for cases seeking prospective injunctive relief (*see Ex Parte Young,* 209 U.S. 123 (1908)), the exception is inapplicable to the allegations or relief sought in this case.

The Circuit Court of Cook County is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, Circuit Court of Cook County is also not a proper Defendant.

Additionally, it appears that Plaintiff's claim is for malicious prosecution. Malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court. *Id.* With respect to any federal claim, the complaint on file does not meet the basic requirements of Fed. R. Civ. P. 8(a), which requires both a "short and plain statement" of Plaintiff's claims and a statement of the relief sought. To the extent Plaintiff can state a federal claim, however, he may submit an amended complaint.

Further, to the extent that Plaintiff is attempting to sue private parties, which his complaint seems to indicate (while Juan Perez and Alma Aliprandia are not named Defendants, the body of the complaint primarily relates allegations about their conduct), he fails to state a cause of action. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Here, Plaintiff discusses complicated family relationships, and the possibility that the private parties named are committing a fraud with respect to an allegation that led to the charge which Plaintiff is defending in state criminal court. None of the people named acted under color of state law, and are not, consequently, proper Defendants.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted until July 6, 2011, to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, by July 6, 2011, Plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint (to the extent he can adequately state a federal claim) plus judge's and service copies. The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order by July 6, 2011, will result in summary dismissal of this case.